FILED
US DISTRICT COURT
WESTERN DISTRICT
OF ARKANSAS
Dec 21, 2020
OFFICE OF THE CLERK

# UNITED STATES DISTRICT COURT
for the
Western District of Arkansas

In the Matter of the Search of
*(Briefly describe the property to be searched or identify the person by name and address)*
The Cellular Telephone Assigned Call Number (479) 387-7389

Case No. 5:20-cm-81

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*: See Attachment A. This court has authority to issue this warrant under 18 U.S.C. §§ 2703(c)(1)(A) and 2711(3)(A) and Federal Rule of Criminal Procedure 41.

located in the  Southern  District of  Florida , there is now concealed *(identify the person or describe the property to be seized)*: See Attachment B.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
- ☐ evidence of a crime;
- ☐ contraband, fruits of crime, or other items illegally possessed;
- ☐ property designed for use, intended for use, or used in committing a crime;
- ☑ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 42 U.S.C. § 1320a-7b(b)(1)(A) | Receiving a Healthcare Kickback |

The application is based on these facts: See affidavit in support of search warrant. To ensure technical compliance with 18 U.S.C. §§ 3121-3127, the warrant will also function as a pen register order. I thus certify that the information likely to be obtained is relevant to an ongoing criminal investigation conducted by USMS. See 18 U.S.C. §§ 3122(b), 3123(b).

- ☐ Continued on the attached sheet.
- ☑ Delayed notice of  30  days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Dustin K. Chastain*
Applicant's signature

Dustin Chastain, Deputy United States Marshal
Printed name and title

Sworn to before me and signed in my presence.

Date: December 19, 2020

Judge's signature

City and state: Fayetteville, Arkansas

Timothy L. Brooks, United States District Judge
Printed name and title

## AFFIDAVIT IN SUPPORT OF
## AN APPLICATION FOR A SEARCH WARRANT

I, **Deputy United States Marshal Dustin Chastain**, being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1. I make this affidavit in support of an application for a search warrant under Federal Rule of Criminal Procedure 41 and 18 U.S.C. §§ 2703(c)(1)(A) for information about the location and use of the cellular telephone assigned call number **(479) 387-7389** (the "Target Cell Phone"), whose service provider is **AT&T**, a wireless telephone service provider headquartered at 11760 U.S. Highway 1, North Palm Beach, Florida.  The Target Cell Phone is described herein and in Attachment A, and the location information to be seized is described herein and in Attachment B.

2. Because this warrant seeks the prospective collection of information, including cell-site location information, that may fall within the statutory definitions of information collected by a "pen register" and/or "trap and trace device," *see* 18 U.S.C. § 3127(3) & (4), the requested warrant is designed to also comply with the Pen Register Act.  *See* 18 U.S.C. §§ 3121-3127.  The requested warrant therefore includes all the information required to be included in an order pursuant to that statute.  *See* 18 U.S.C. § 3123(b)(1).

3. I am a Deputy United States Marshal (DUSM) with the U.S. Marshal's Service, ("USMS"), currently assigned to the Western Arkansas Fugitive Task Force in Fayetteville, Arkansas. I have been so assigned to the Task Force since November 2013.  As part of my daily duties as a Deputy U.S. Marshal (DUSM), I conduct fugitive investigations. I have received training in the area of criminal investigations and fugitive apprehension.

4. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant, and does not set forth all of my knowledge about this matter.

5. Based on the facts set forth in this affidavit, there is probable cause to believe that the location information described in Attachment B will lead to evidence helping with the capture of an individual who has an outstanding federal warrant for her arrest.

6. The court has jurisdiction to issue the proposed warrant because it is a "court of competent jurisdiction" as defined in 18 U.S.C. § 2711. Specifically, the Court is a district court of the United States that has jurisdiction over the offense being investigated, *see* 18 U.S.C. § 2711(3)(A)(i).

## PROBABLE CAUSE

7. On January 15, 2020, Sunny Hassell ("HASSELL") was charged by a four-count Indictment for Wire Fraud in the Western District of Arkansas.

8. On February 5, 2020, HASSELL was arraigned on the Indictment and released on bond, which had various conditions set by the District Court. (5:20CR50010-001, Doc. 12).

9. On June 23, 2020, HASSELL entered a guilty plea to a one-count Information charging her with Receiving a Healthcare Kickback.

10. On October 29, 2020, HASSELL was sentenced in United States District Court for the Western District of Arkansas to 12 months plus 1 day to the United States Bureau of Prisons with 3 years supervised release. HASSELL was allowed to remain on her previous bond and self-surrender to the BOP to begin her sentence by no later than 1:00 pm on January 8, 2021.

11. On December 18, 2020, a Federal arrest warrant was issued out of the Western District of Arkansas for HASSELL for violation of the conditions of her bond.

12. During the course of the fugitive investigation, DUSM Chastain identified the AT&T phone number **(479) 387-7389** that Hassell had provided to her Federal Probation Officer in Fayetteville, Arkansas. This number was provided by the Probation Officer as the number that was used to communicate with HASSELL. Based upon information received from the United States Probation Office, HASSELL has refused to abide by her bond conditions. HASSELL is not responding to communication from the United States Probation Office. Attempts by the United States Probation Office to contact HASSELL at her current residence have proved unsuccessful. Additionally, HASSELL has refused to turn over her 3-year-old son to the child's father, who was awarded full custody by the Sebastian County, Arkansas Circuit Court on December 11, 2020.

13. Based upon my training and experience as a fugitive investigator, I know it is common for fugitives to speak, meet, and otherwise maintain a relationship with family members and significant others. Additionally, it is my experience that individuals keep their cellular phones with them in close proximity to their person at all times. Based upon the information provided in this affidavit, I believe it is reasonable to grant a search warrant for the phone of HASSELL, as it will provide HASSELL's location and allow for the execution of the arrest warrant.

14. In my training and experience, I have learned that AT&T is a company that provides cellular telephone access to the general public. I also know that providers of cellular telephone service have technical capabilities that allow them to collect and generate at least two kinds of information about the locations of the cellular telephones to which they provide service:

(1) E-911 Phase II data, also known as GPS data or latitude-longitude data, and (2) cell-site data, also known as "tower/face information" or cell tower/sector records.  E-911 Phase II data provides relatively precise location information about the cellular telephone itself, either via GPS tracking technology built into the phone or by triangulating on the device's signal using data from several of the provider's cell towers.  Cell-site data identifies the "cell towers" (i.e., antenna towers covering specific geographic areas) that received a radio signal from the cellular telephone and, in some cases, the "sector" (i.e., faces of the towers) to which the telephone connected.  These towers are often a half-mile or more apart, even in urban areas, and can be 10 or more miles apart in rural areas.  Furthermore, the tower closest to a wireless device does not necessarily serve every call made to or from that device.  Accordingly, cell-site data is typically less precise that E-911 Phase II data.

15.     Based on my training and experience, I know that **AT&T** can collect E-911 Phase II data about the location of the Target Cell Phone, including by initiating a signal to determine the location of the Target Cell Phone on **AT&T** network or with such other reference points as may be reasonably available

16.     Based on my training and experience, I know that **AT&T** can collect cell-site data about the Target Cell Phone. Based on my training and experience, I know that for each communication a cellular device makes, its wireless service provider can typically determine: (1) the date and time of the communication; (2) the telephone numbers involved, if any; (3) the cell tower to which the customer connected at the beginning of the communication; (4) the cell tower to which the customer connected at the end of the communication; and (5) the duration of the communication.  I also know that wireless providers such as **AT&T** typically collect and retain

cell-site data pertaining to cellular devices to which they provide service in their normal course of business in order to use this information for various business-related purposes.

## AUTHORIZATION REQUEST

17. Based on the foregoing, I request that the Court issue the proposed search warrant, pursuant to Federal Rule of Criminal Procedure 41 and 18 U.S.C. § 2703(c).

18. I further request, pursuant to 18 U.S.C. § 3103a(b) and Federal Rule of Criminal Procedure 41(f)(3), that the Court authorize the officer executing the warrant to delay notice until 30 days after the collection authorized by the warrant has been completed. There is reasonable cause to believe that providing immediate notification of the warrant may have an adverse result, as defined in 18 U.S.C. § 2705. Providing immediate notice to the subscriber or user of the Target Cell Phone would seriously jeopardize the ongoing fugitive investigation, as such a disclosure would give that person an opportunity to destroy evidence, change patterns of behavior, notify confederates, and flee from prosecution. *See* 18 U.S.C. § 3103a(b)(1). As further specified in Attachment B, which is incorporated into the warrant, the proposed search warrant does not authorize the seizure of any tangible property. *See* 18 U.S.C. § 3103a(b)(2). Moreover, to the extent that the warrant authorizes the seizure of any wire or electronic communication (as defined in 18 U.S.C. § 2510) or any stored wire or electronic information, there is reasonable necessity for the seizure for the reasons set forth above. *See* 18 U.S.C. § 3103a(b)(2).

19. I further request that the Court direct **AT&T** to disclose to the government any information described in Attachment B that is within the possession, custody, or control of **AT&T**. I also request that the Court direct **AT&T** to furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the information

described in Attachment B unobtrusively and with a minimum of interference with **AT&T** services, including by initiating a signal to determine the location of the Target Cell Phone on **AT&T's** network or with such other reference points as may be reasonably available, and at such intervals and times directed by the government. The government shall reasonably compensate **AT&T** for reasonable expenses incurred in furnishing such facilities or assistance.

20. I further request that the Court authorize execution of the warrant at any time of day or night, owing to the potential need to locate the Target Cell Phone outside of daytime hours.

Respectfully submitted,

*Dustin K. Chastain*
Dustin Chastain
Deputy United States Marshal
Western District Fugitive Task Force (USMS)

Subscribed and sworn to before me on December __18th__, 2020.

_____
Honorable Timothy L. Brooks
UNITED STATES DISTRICT JUDGE
WESTERN DISTRICT OF ARKANSAS

## ATTACHMENT A

### Property to Be Searched

1. The cellular telephone assigned call number **(479) 387-7389 (**the "Target Cell Phone"), whose wireless service provider is **AT&T**, a company headquartered at 11760 U.S. Highway 1, North Palm Beach, Florida**.**

2. Records and information associated with the Target Cell Phone that is within the possession, custody, or control of **AT&T**.

## ATTACHMENT B

### Particular Things to be Seized

**I.      Information to be Disclosed by the Provider**

All information about the location of the Target Cell Phone described in Attachment A for a period of thirty days, during all times of day and night. "Information about the location of the Target Cell Phone" includes all available E-911 Phase II data, GPS data, latitude-longitude data, and other precise location information, as well as all data about which "cell towers" (i.e., antenna towers covering specific geographic areas) and "sectors" (i.e., faces of the towers) received a radio signal from the cellular telephone described in Attachment A.

To the extent that the information described in the previous paragraph (hereinafter, "Location Information") is within the possession, custody, or control of **AT&T** is required to disclose the Location Information to the government. In addition, **AT&T** must furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the Location Information unobtrusively and with a minimum of interference with **AT&T** services, including by initiating a signal to determine the location of the Target Cell Phone on **AT&T**'s network or with such other reference points as may be reasonably available, and at such intervals and times directed by the government. The government shall compensate **AT&T** for reasonable expenses incurred in furnishing such facilities or assistance.

This warrant does not authorize the seizure of any tangible property. In approving this warrant, the Court finds reasonable necessity for the seizure of the Location Information. *See* 18 U.S.C. § 3103a(b)(2).

**I.       Information to Be Seized by the Government**

All information described above in Section I that will assist in arresting HASSELL, who is the subject of an arrest warrant issued on December 18, 2020, and is a "person to be arrested" within the meaning of Federal Rule of Criminal Procedure 41(c)(4).

Law enforcement personnel (who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, agency personnel assisting the government in this investigation, and outside technical experts under government control) are authorized to review the records produced by the Provider in order to locate the things particularly described in this Warrant.